UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 19-159 |
| v. | * | SECTION: "E" (1) |
| KEVIN RICHARDSON | * | |

\* \* \*

## FACTUAL BASIS

If this case were to proceed to trial, the United States would prove the following facts beyond a reasonable doubt:

**KEVIN RICHARDSON** worked as a building inspector for the City of New Orleans Safety and Permits Department beginning in about 2007. While employed as a building inspector, **RICHARDSON** was responsible for, among other things, inspecting buildings to ensure the structures were in compliance with the city and state building codes. In his capacity as a building inspector, **RICHARDSON** was a "public employee" and a "person in a position of public authority" as those terms are defined under the laws of the State of Louisiana. *See* La. Rev. Stat. §14:118(B).

The Government would further establish that, beginning not later than about January 2011, and continuing through February 28, 2019, on numerous occasions, **RICHARDSON** solicited payments from homeowners and contractors in exchange for issuing either (1) a report or certificate of completion reflecting that no violation had occurred when, in fact, one had occurred; or (2) an inspection report reflecting that **RICHARDSON** had inspected a particular building and that the building complied with the city and state building codes when, in fact, **RICHARDSON**

Page **1** of **3**

AUSA
Defendant
Defense Counsel

had not actually inspected the building. **RICHARDSON** also paid bribe money to a City of New Orleans permit analyst (Person A) for the issuance of permits without proper documentation and required plan reviews.

The Government would further admit documentary evidence and the testimony of representatives of the City of New Orleans to establish that **RICHARDSON** used and caused Person A to use a facility of interstate commerce to accomplish his crime. **RICHARDSON** and Person A utilized the City of New Orleans' internet-based LAMA system to alter and/or delete city documents and submit material information that resulted in the homeowner or contractor receiving a fraudulent permit and/or Certificate of Completion.

For example, on or about August 26, 2014, **RICHARDSON** utilized LAMA to create and issue a fraudulent certificate of completion for a residential property on Wallace Drive in New Orleans, Louisiana. The scope of work to be completed was a demolition. A later inspection revealed that the work had not actually been completed prior to the issuance of the certificate, and that the building was still standing. **RICHARDSON** had solicited and received a payment from Contractor 1 in exchange for the fraudulent certificate of completion.

On or about May 27, 2017, **RICHARDSON** paid Person A to create a fraudulent permit for a fire-damaged property on Longfellow Drive in New Orleans. Louisiana. A later inspection of the permitting process and information from LAMA revealed that before issuance of this type of permit, an engineer's report or an inspector's report assessing the damage was required. However, no such documentation was submitted for this permit. **RICHARDSON** was able to bypass these requirements and receive a fraudulent permit from Person A.

Page **2** of **3**

AUSA
Defendant
Defense Counsel

In total, **RICHARDSON** received a total of not less than $65,000 in bribe payments to influence his conduct and cause him to take the official act of completing fraudulent building inspection reports and issuing fraudulent certificates of completion. He paid approximately $3000 to Person A to influence her conduct and cause a public employee to take the official act of issuing fraudulent permits.

READ AND APPROVED:

_____        10-29-19
KEVIN RICHARDSON                          Date
Defendant

_____        10.29.19
JOHN HALL THOMAS, ESQ.                    Date
Defense Counsel

_____        10/29/19
TRACEY N. KNIGHT                          Date
Assistant United States Attorney